IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TOM HAYDEN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | JURY |
| GARDEN RIDGE MANAGEMENT, | § | |
| LLC, | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Tom Hayden, hereinafter called Plaintiff, complaining of and about Garden Ridge Management, LLC, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.   Plaintiff Tom Hayden, is a citizen of the United States and the State of Texas and resides in Collin County, TX.

2.   Defendant Garden Ridge Management, LLC is a Texas Limited Liability Corporation authorized and doing business in Lewisville, Denton County, Texas and may be served by serving Capitol Corporate Services, Inc., its agent authorized to accept service at 800 Brazos, Ste 400, Austin, Texas 78701.

### JURISDICTION

4.   The Court has jurisdiction over this lawsuit pursuant to 28 USCS § 1331 because the action arises under the Family and Medical Leave Act (FMLA), 29 U.S.C. Section 2601 *et.*

*seq.*

## NATURE OF ACTION

5. This is an action under 29 U.S.C. Section 2601 *et. seq.* to correct violations of the Family and Medical Leave Act.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: At the time of termination, Plaintiff was employed for at least 12 months by Defendant and has worked at least 1,250 hours for Defendant in the previous 12 month period. Thus, Plaintiff is an "Eligible Employee" as defined under 29 U.S.C. § 2611(2). Additionally, Plaintiff would show that based on information and belief, Defendant is a covered "Employer" as defined under 29 U.S.C. § 2611(4).

## FACTS

7. Plaintiff was employed by Defendant from approximately July 3, 2006 until his termination on or about October 12, 2007. On or about October 3, 2007, Plaintiff sought to institute leave under the Family and Medical Leave Act ("FMLA") due to the upcoming birth of his first child. Plaintiff submitted to Human Resources a "Leave of Absence Request" form along with the appropriate medical verification and/or documentation as required by Defendant. Plaintiff also notified his direct supervisor Allan Bauwin of the request for leave at that same time. On or about October 5, 2007, Plaintiff's request for FMLA leave was approved as follows: two, three week increments of leave beginning November 18, 2007 through December 8, 2007; and December 30, 2007 through January 19, 2008; and one, six week increment of leave from February 10, 2008 through March 22, 2008.

8. The Defendant terminated Plaintiff's employment on or about October 12, 2007 for the stated reason that he allegedly failed to follow a scheduling policy.

## FAMILY AND MEDICAL LEAVE ACT

9. Defendant interfered, restrained and/or denied Plaintiff his rights under the Family and Medical Leave Act in violation of 29 U.S.C. § 2615(a)(1)(2). Defendant further discriminated against and terminated Plaintiff in retaliation for requesting FMLA leave and instituting an FMLA leave claim in violation of 29 U.S.C. § 2615(b)(1).

10. Defendant intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of the Family and Medical Leave Act.

11. Plaintiff alleges that Defendant willfully discriminated and interfered with Plaintiff's rights under the Family and Medical Leave Act.

## DAMAGES

12. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a. Back pay from the date that Plaintiff was terminated (at the time of termination, Plaintiff was earning approximately $70,000/per year and working more than 40 hours/week), including other wages and compensation denied or lost to the employee;

   b. Front pay, including other wages and compensation employee would have been entitled to;

   c. Reasonable and necessary attorney's fees incurred by or on behalf

of Plaintiff as permitted by law;

d. Reasonable and necessary expert witness fees and other costs incurred in pursuit of this suit as permitted by law;

e. Pre-judgment interest (and post-judgment interest if any) as permitted by law;

f. Loss of employment benefits (past and future); and

g. Actual monetary losses sustained as a result of employer's violation, including cost of providing care, up to a sum equal to 12 weeks of wages or salary.

## LIQUIDATED DAMAGES

13. In addition to the above damages, Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed willfully; therefore, Plaintiff also seeks recovery from Defendant for liquidated damages pursuant to 29 U.S.C § 2617(1)(A)(iii).

## SPECIFIC RELIEF

14. Plaintiff additionally seeks the following equitable relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a. Reinstatement of the Plaintiff to the position and pay grade (including benefits) which Plaintiff held but for the unlawful actions of Defendant and/or promotion to the position and pay grade (including benefits) which Plaintiff would have been eligible for but for the unlawful actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, for damages in an amount within the jurisdictional limits of the Court; liquidated damages, together with interest as allowed by law; attorney fees, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity, including reinstatement to employment.

Respectfully submitted,

ALBIN | HARRISON | ROACH

*[signature]*

**CONNIE A. PENA**
State Bar No. 24034621
**LAURA E. CALHOUN**
State Bar No. 06342400
Granite Park III
5601 Granite Parkway, Ste 400
Plano, Texas 75024
Telephone (214) 423-5100
Facsimile (214) 423-5111
cpena@ahrlawfirm.com

*Attorneys for Tom Hayden*

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.