IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TOM HAYDEN,<br>　　　　Plaintiff, | §<br>§<br>§ |
| vs. | §　CIVIL ACTION NO. 4:08cv172<br>§　JURY |
| GARDEN RIDGE MANAGEMENT,<br>LLC,<br>　　　　Defendants. | §<br>§<br>§<br>§ |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Tom Hayden, hereinafter called Plaintiff, complaining of and about Garden Ridge Management, LLC, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.　Plaintiff Tom Hayden, is a citizen of the United States and the State of Texas and resides in Collin County, Texas.

2.　Defendant Garden Ridge Management, LLC is a Texas Limited Liability Corporation authorized and doing business in Lewisville, Denton County, Texas and has been previously served and has answered and appeared herein.

### JURISDICTION

3.　The Court has jurisdiction over this lawsuit pursuant to 28 USCS § 1331 because the action arises under the Family and Medical Leave Act; 29 U.S.C. § 2601 *et. seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-5 (as amended).

## NATURE OF ACTION

4.     This is an action to correct violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et. seq.* and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-5 (as amended).

## CONDITIONS PRECEDENT

5.     All conditions precedent to jurisdiction have occurred or been complied with: At the time of termination, Plaintiff was employed for at least 12 months by Defendant and has worked at least 1,250 hours for Defendant in the previous 12 month period. Thus, Plaintiff is an "Eligible Employee" as defined under 29 U.S.C. § 2611(2). Additionally, Plaintiff would show that based on information and belief, Defendant is a covered "Employer" as defined under 29 U.S.C. § 2611(4).

6.     Additionally, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff a written notice of his right to sue with respect to this charge of sex discrimination. Plaintiff has timely brought suit on his Title VII claims, which have been brought within ninety (90) days of his right to sue notice from the EEOC.

## FACTS

7.     Plaintiff was employed by Defendant from approximately July 3, 2006 until his termination on or about October 12, 2007. At the time of termination, Plaintiff was employed as a General Manager. On or about October 3, 2007, Plaintiff sought to institute leave under the Family and Medical Leave Act ("FMLA") due to the upcoming birth of his first child. Plaintiff submitted to Human Resources a "Leave of Absence Request" form along with the appropriate

medical verification and/or documentation as required by Defendant. Plaintiff also notified his direct supervisor, Allan Bauwin, of the request for leave at that same time. On or about October 5, 2007, Plaintiff's request for FMLA leave was approved as follows: two, three week increments of leave beginning November 18, 2007 through December 8, 2007; and December 30, 2007 through January 19, 2008; and one, six week increment of leave from February 10, 2008 through March 22, 2008.

8. After requesting FMLA leave to care for his new born child, Plaintiff was subjected to discrimination, harassment and retaliation by the Defendant. For example, and without limitation, Plaintiff's supervisor made several late night visits to Plaintiff's store seeking negative information about Plaintiff's performance from Plaintiff's subordinates. Defendant then terminated Plaintiff's employment on or about October 12, 2007 for the stated reason that he allegedly failed to follow a scheduling policy. Female managers were allowed to take FMLA leave to care for the birth of their children without being subjected to discriminatory treatment, harassment, retaliation or termination.

## FAMILY AND MEDICAL LEAVE ACT

9. Plaintiff re-asserts and incorporates the facts set forth paragraphs 7-8 above. Defendant interfered, restrained and/or denied Plaintiff his rights under the Family and Medical Leave Act in violation of 29 U.S.C. § 2615(a)(1)(2). Defendant further discriminated against and terminated Plaintiff in retaliation for requesting FMLA leave and instituting an FMLA leave claim in violation of 29 U.S.C. § 2615(b)(1).

10. Defendant intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of the Family and

Medical Leave Act.

11. Defendant willfully discriminated and interfered with Plaintiff's rights under the Family and Medical Leave Act.

## TITLE VII

12. Plaintiff re-asserts and incorporates the facts set forth paragraphs 7-8 above. Defendant subjected Plaintiff to harassment, discrimination, and retaliation based on sex (male) for requesting time off to care for his first born child that was soon to arrive in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1).

13. Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

## DAMAGES

14. Plaintiff sustained and seeks recovery of the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Back pay from the date that Plaintiff was terminated (at the time of termination, Plaintiff was earning approximately $70,000/per year and working more than 40 hours/week), including other wages and compensation denied or lost to the employee;

    b. Front pay, including other wages and compensation employee would have been entitled to;

    c. Reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff as permitted by law;

    d. Reasonable and necessary expert witness fees and other costs

incurred in pursuit of this suit as permitted by law;

e.  Pre-judgment interest (and post-judgment interest if any) as permitted by law;

f.  Loss of employment benefits (past and future);

g.  Compensatory and punitive damages as permitted by 42 U.S.C. § 1981a(a) an (b);

h.  Actual monetary losses sustained as a result of employer's violation of the FMLA, including cost of providing care, up to a sum equal to 12 weeks of wages or salary and benefits; and

i.  Injunctive relief to prevent Defendant from engaging in unlawful employment practices in the future.

## LIQUIDATED DAMAGES

15.  In addition to the above damages, Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed willfully; therefore, Plaintiff also seeks recovery from Defendant for liquidated damages pursuant to 29 U.S.C § 2617(1)(A)(iii).

## SPECIFIC RELIEF

16.  Plaintiff additionally seeks the following equitable relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a.  Reinstatement of the Plaintiff to the position and pay grade (including benefits) which Plaintiff held but for the unlawful actions of Defendant and/or promotion to the position and pay grade (including benefits) which Plaintiff would have been eligible for but for the unlawful actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays for all relief, in law and equity, to which he may be entitled, including (without limitation) back pay, front pay (in lieu of reinstatement), lost benefits, compensatory and consequential damages, punitive damages, liquidated damages, pre and post judgment interest, attorneys' fees, expert witness fees, costs, nominal damages, and all other amounts recoverable under Section 2617 (a)(1)(A) of Title 29 of the United States Code, Sections 2000e-5(g) and (k) and 1981a of Title 42 of the United States Code.

Respectfully submitted,

**ALBIN | HARRISON | ROACH**

*/s/ Connie A. Pena*

**CONNIE A. PENA**
State Bar No. 24034621
**LAURA E. CALHOUN**
State Bar No. 06342400
Granite Park III
5601 Granite Parkway, Ste 400
Plano, Texas 75024
Telephone (214) 423-5100
Facsimile (214) 423-5111
cpena@ahrlawfirm.com

*Attorneys for Tom Hayden*

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of September, 2008, a true and correct copy of the foregoing document was served via fax (214/520-2008) on counsel for Defendant.

Paul E. Hash
Jackson Lewis
3811 Turtle Creek Blvd., Suite 500
Dallas, Texas 75219

*Connie A. Peña*

Connie A. Peña

PLAINTIFF'S FIRST AMENDED COMPLAINT - PAGE 7