# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| TOM HAYDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08cv172 |
| | § | |
| GARDEN RIDGE MANAGEMENT, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant Garden Ridge Management LLC's Motion for Summary Judgment (Dkt. 40). Having reviewed the summary judgment record, the Court finds the motion should be GRANTED in part and DENIED in part.

### BACKGROUND

In this employment suit, Plaintiff Tom Hayden asserts claims alleging retaliatory discharge from his employment in violation of the Family and Medical Leave Act ("FMLA"). Plaintiff has also made claims of gender discrimination under Title VII.

Plaintiff Tom Hayden was employed by Defendant from June 3, 2006 until October 12, 2007, when he was terminated. At the time of his termination, Plaintiff was a General Manager of a Garden Ridge store in Lewisville, Texas. On October 3, 2007, Plaintiff requested leave under the FMLA to care for his wife and newborn child. Plaintiff requested three separate leave periods: from November 18, 2007 to December 8, 2007, from December 30, 2007 to January 19, 2008, and from February 10, 2008 to March 22, 2008. On October 5, 2007, his request for leave was approved. On

October 12, 2007, he was notified of his termination for a purported failure to follow company policy regarding the posting of schedules and other purported performance issues.

Plaintiff claims he was terminated in violation of the FMLA and Title VII. Defendant now seeks summary judgment as to all of Plaintiff's claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir.

2

1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

**ANALYSIS**

**Plaintiff's FMLA Claims**

In this case, Plaintiff asserts claims under the Family Medical Leave Act, or FMLA. Among other things, the FMLA allows eligible employees to take up to 12 weeks of leave from work in any 12-month period to care for a newborn child. 29 U.S.C. § 2612(a)(1)(A). Plaintiff has alleged claims for both FMLA entitlement and retaliation. Defendant seeks summary judgment as to both.

The Court finds that the facts here do not support Plaintiff's FMLA entitlement claim. As explained by the Fifth Circuit, in addition to protecting employees from retaliation or discrimination for exercising their rights under the FMLA, the FMLA also creates certain substantive rights of entitlement for an employee, including an employee's right to take unpaid leave for a period of up

3

to 12 work weeks in any 12-month period to care for a family member and an employee's right to return to the same position after a qualified absence under FMLA. *See Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir, 1998); *Mauder v. Metropo. Transit Auth. of Harris County, Tex.*, 446 F.3d 574, 580 (5th Cir. 2006).

The Court finds that the facts alleged and evidence presented by Plaintiff do not give rise to liability under an entitlement theory. It is undisputed that Plaintiff's FMLA was approved. The gravamen of Plaintiff's complaint is that he was terminated after being granted leave. The Court finds that those allegations are more properly brought as retaliation claims. Therefore, summary judgment as to any entitlement claims is GRANTED for Defendant.

Plaintiff has stated facts sufficient to support his FMLA retaliation claim, however, and he has offered sufficient summary judgment evidence to create a fact issue as to the claim. "The Fifth Circuit applies the *McDonnell Douglas* framework to analyze retaliation claims under the FMLA, noting that there is no significant difference between such claims under the FMLA and similar claims under other anti-discrimination laws." *Hunt v. Rapides Healthcare Sys.*, 277 F.3d 757, 768 (5th Cir. 2001) (internal citations omitted).

To make a *prima facie* case for retaliation under the FMLA, a plaintiff must show that: (1) he was protected under the FMLA; (2) he suffered an adverse employment decision; and that (3) either (a) he was treated less favorably than an employee who had not requested leave under the FMLA or (b) the adverse decision was made because he took FMLA leave. *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). "The FMLA was enacted to permit employees to take reasonable leave for medical reasons, for the birth or adoption of a child,

and for the care of a child, spouse, or parent who has a serious health condition." *Id.* (citing 29 U.S.C. § 2601(b)(2)).

Once Plaintiff makes a *prima facie* showing, the burden shifts to the defendant to articulate a legitimate nondiscriminatory or nonretaliatory reason for the employment action. *Hunt*, 277 F.3d at 768; *Richardson v. Monitronics Intern., Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). Once the defendant makes this showing, the burden shifts back to the plaintiff to show by a preponderance of the evidence that the employer's reason is pretextual. *Id.*

### *Prima Facie Case under FMLA*

The Court will first address whether Plaintiff has made a *prima facie* case for retaliation under the FMLA. Having reviewed the evidence before it, the Court finds that Plaintiff has satisfied this burden.

First, it appears undisputed that Defendant was protected under the FMLA. When determining whether the FMLA applies, "[t]he critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Satterfield v. Wal-Mart Stores, Inc.,* 135 F.3d 973, 977 (5th Cir. 1998) (quoting *Manuel v. Westlake Polymers Corp.,* 66 F.3d 758, 764 (5th Cir.1995)). Defendant's leave request was approved in an October 5, 2007 letter, the subject of which was "FMLA," which stated "[w]e have received your request for FMLA and it has been approved." Dkt. 41 at Ex. 9. This is sufficient to satisfy the first element of the *prima facie* showing.

Next, it appears undisputed that Plaintiff was terminated from his employment from Garden Ridge on or about October 12, 2007 – nine days after he requested FMLA leave and seven days after

5

his leave was approved. *See* Dkt. 40 at Ex. F; Dkt. 41 at Ex. 1 at ¶20. Therefore, that element of the *prima facie* case has been satisfied.

Finally, the Court examines whether Plaintiff has offered evidence to show that he was treated less favorably than an employee who had not requested leave under the FMLA or that the adverse decision was made because he took FMLA leave "When evaluating whether the adverse employment action was causally related to the FMLA protection, the court shall consider the temporal proximity between the FMLA leave, and the termination." *Mauder v. Metropolitan Transit Authority of Harris County, Tex.*, 446 F.3d 574, 583 (5th Cir. 2006). Here, according to the undisputed facts, Plaintiff was terminated nine days after requesting leave. In light of the entire record before it and making all inferences in favor of Plaintiff (as the Court is required to do at the summary judgment phase), the Court finds Plaintiff has satisfied his summary judgment burden in demonstrating the necessary causal connection between the leave request and his termination to show a *prima facie* case of retaliation.[1] Plaintiff has also offered evidence that he was replaced by an employee who had not requested FMLA leave.[2] The Court finds that Plaintiff has offered sufficient

---

[1]The Court notes that, in his summary judgment response, Plaintiff frequently fails to make "appropriate citations" to the summary judgment evidence as is required by Local Court Rule CV-56(d). *See* E.D. TEX. L. R. CV-56(d) ("The phrase 'appropriate citations' means that any excerpted evidentiary materials that are attached to the motion or the response should be ***referred to by page and, if possible***, by line....") (emphasis added), and the Court is not required to scour the record to create a fact issue here. *See Stults*, 76 F.3d at 655. However, the Court has reviewed the competent summary judgment evidence submitted and finds that Plaintiff's pleadings – while lacking in procedural propriety – sufficiently sustain his burden on summary judgment.

[2]The Court notes that Plaintiff and Defendant engage in some factual dispute about this employee's purported violation of Garden Ridge's dating policies. The Court does not address here whether this evidence is relevant or admissible and will reserve any such rulings for the time

evidence to prove the third prong of his *prima facie* case.

*Nondiscriminatory Reason and Pretext*

Because the Court finds that Plaintiff has made a *prima facie* showing here, the burden shifts to Defendant to show a legitimate nondiscriminatory or nonretaliatory reason for the employment action. *Richardson*, 434 F.3d at 332.

Defendant has sustained this burden. Defendant has offered uncontroverted summary judgment evidence that Plaintiff was terminated for failing to follow Garden Ridge's corporate policy by posting a store schedule different than the one that was submitted to the corporate office. *See* Dkt. 40 at Ex. E. According to Tina Laube, Garden Ridge's Vice President of Operations, Plaintiff was fired because he posted a schedule which was not the one he submitted to corporate. *Id*. Laube has also offered a sworn statement that, during a visit to Plaintiff's store in September 2007 – prior to Plaintiff's request for leave – she noted that Hayden was not complying with many corporate directives, resulting in missing price signs, an undisplayed Christmas tree, unlabeled topstock, and improperly hung apparel. *Id.* Defendant has offered evidence that Hayden was notified of these issues and warned that he could get fired if he deviated from corporate directives in the future. *Id*. Defendant has also offered testimony from other Garden Ridge managers who were over Plaintiff regarding purported warnings to Plaintiff regarding certain corporate compliance issues at his store prior to his FMLA request. *See* Dkt. 40 at Exs. E-F. And, while it does not contain any warnings of threatened termination, even Plaintiff's own summary judgment evidence indicates that he received complaints from some of his supervisors regarding the management of his

---

of trial.

store and his lack of compliance with some corporate policies. *See, e.g.*, Dkt. 41 at Exs. 1-A & 1-H.

With Defendant's burden satisfied, the burden shifts back to Plaintiff to show that the reasons given for Plaintiff's termination were false or pretextual. As to Defendant's evidence regarding prior warnings to Plaintiff regarding his failure to comply with company policies, Plaintiff has offered evidence that, between September 25, 2007 and October 1, 2007, he received a final performance evaluation which rated his performance a "24" which at the top ends of the company's "Meets Expectations" rating system, only one point short of achieving an "Above Expectations" rating. *See* Dkt. 41 at Ex. 1-I. While it lists "Policy & Procedure Execution" as one of his "Development Goals," Plaintiff's performance evaluation does not contain any warnings stating that he would be fired if he failed to meet this goal, as Defendant has alleged. *See id.* The Court finds that this evidence is sufficient to create a fact issue as to the pretextual nature of Defendant's nondiscriminatory reasons regarding pre-FMLA warnings to Plaintiff.

Plaintiff has also offered evidence that, when he requested his FMLA leave, Antoinette Narin from Garden Ridge's Human Resources department, questioned the amount of time he requested off and stated "[i]t's very strange that we have a male manager request that amount of time off, we have never had that before." Dkt. 41 at Ex. 1, ¶19.[3] The Court finds that this evidence creates a fact issue

---

[3]The Court notes that Defendant has made objections to portions of this paragraph in Plaintiff's declaration (*see* Dkt. 44). Those objections are SUSTAINED, and the Court has not considered sentences 5-8 of this section in its summary judgment analysis. Further, the Court notes that Defendant has made numerous other objections to Plaintiff's and Rudy Biera's declarations and some exhibits attached thereto. While most objections appear to be meritorious, the Court has not relied on those portions of evidence in making its finding here and declines to commit its time and resources to moot issues and make specific findings as to each objection. Therefore, unless otherwise indicated, Defendant's objections are OVERRULED as MOOT and without prejudice to Defendant re-urging them, as appropriate, at the time of trial.

8

as to pretext.

Additionally, Plaintiff has offered evidence that the portion of time he requested leave during a time period in which vacations were otherwise "blacked out" for managers because of the holiday season. Dkt. 41 at Ex. 1-M.[4] Plaintiff has also offered an email chain between Plaintiff and individuals in human resources and other management of Garden Ridge regarding whether anyone had heard of breaking up leave when expecting a child and whether Defendant "[had] to honor a request" like Plaintiff's where the leave periods were intermittent. Dkt. 41 at Ex. 8. This email also notes that Plaintiff's requested leave period were during "peak holiday time," "inventory" time, and "peak patio pottery set up" time. *Id.* The Court finds that the evidence submitted by Plaintiff creates a fact issue as to whether the given reason for Plaintiff's termination was pretextual. Therefore, Defendant's motion for summary judgment regarding Plaintiff's claims of FMLA retaliation are DENIED.

**Plaintiff's Gender Discrimination Claims**

In addition to his FMLA claims, Plaintiff asserts claims of gender discrimination under Title VII of the Civil Rights Act. The Fifth Circuit has set forth a specific rubric under which this Court must analyze the summary judgment record in the employment discrimination context. The

---

[4]Defendant has objected to this exhibit, arguing that Plaintiff has no personal knowledge of the email sent because he was not a recipient and that it is hearsay not subject to any exceptions. To the extent Defendant challenges the admissibility of the portion of the email from Al Troutman to General and Assistant General Managers and to the extent that is a matter in dispute, the Court finds it constitutes an admission by party-opponent and therefore does not constitute hearsay. *See* FED. R. EVID. 801(d). Defendant's objection is therefore OVERRULED as to that portion of the exhibit. The Court has not considered any other portions of the exhibit or email chain. As to those portions, the objection is SUSTAINED.

9

modified *McDonnell Douglas* test is used when analyzing claims for gender discrimination under Title VII. *Manning v. Chevron Chemical Co., LLC*, 332 F. 3d 874, 881 (5th Cir. 2003). As with his FMLA claim, Plaintiff must first demonstrate a *prima facie* case of discrimination to survive summary judgment. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *Willis v. Coca Cola Enters., Inc.,* 445 F.3d 413, 420 (5th Cir. 2006). In order to establish a *prima facie* case of gender discrimination, a plaintiff must show: (1) he is a member of a protected group; (2) he was qualified for the position; (3) an adverse employment action occurred; and (4) he was replaced by a person not in the protected group. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L. Ed.2d 407 (1993).

Having reviewed the record here, the Court finds that Plaintiff has not shown a *prima facie* case of gender discrimination. According to the uncontroverted evidence, Plaintiff was replaced by another male, Craig Cokrum, so he cannot show he was replaced by someone outside his protected class, and his gender discrimination claim therefore fails. As such, summary judgment as to Plaintiff's gender discrimination claims under Title VII is GRANTED for Defendant, and Plaintiff shall take nothing by those claims.[5]

Therefore, as set forth fully above, Defendant Garden Ridge Management LLC's Motion for Summary Judgment (Dkt. 40) is GRANTED as to Plaintiff's FMLA entitlement claim and gender discrimination claims under Title VII and Plaintiff shall take nothing by those claims. Defendant

---

[5]The Court notes that this finding does not bar Plaintiff from arguing that he was retaliated against under FMLA because he was a man, and not a woman, who requested leave for the birth of a child.

Garden Ridge Management LLC's Motion for Summary Judgment (Dkt. 40) is DENIED as to Plaintiff's FMLA retaliation claim, and those claims shall proceed to trial.

**SO ORDERED.**

**SIGNED this 22nd day of December, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE